Follett, J.
Appeal from a judgment entered upon a decision of the special term and heard in this court on a case containing all of the evidence.
In December, 1883, the plaintiff loaned Thomas Hannifin,, (one of the defendants) $100, to recover which, she brought, suit, November 12, 1885, in the supreme court, and Hannifin answered, but suffered a default at the March, 1886-Oneida circuit; and March 30, 1886, a judgment was duly entered in the clerk’s office of Oneida county for $206.94-damages and costs, and an execution was duly issued on the same day to the sheriff of said county, who, April 2,, 1886, duly returned said execution wholly unsatisfied.
For about forty years prior to February 24, 1886, Hannifin had owned and occupied forty-five acres of land in said county; which, on that date, he conveyed to Daniel J„ Orimmins, (defendant) by a deed, which was duly recorded the next day. This action was brought April 17, 1886, to set aside the deed as fraudulent. Orimmins answered, but Hannifin made default.
The action was tried at special term, which found as a fact, that the deed was given and received for the purpose of defrauding the plaintiff.
The alleged consideration for the deed was three promissory notes, given February 24, 1886, by Daniel J. Orimmins to Hannifin; one of $200, payable three years after date> with annual interest; one of $300, payable five years after date, with annual interest; and one for $300, payable seven years after date, with annual interest. Daniel J. and David J. Orimmins testified that about April 7, 1886, they and Hannifin being alone in a room, the notes were paid in. money, by and were surrendered to Daniel J. Orimmins.
On the same day of the alleged payment and loss of the $800, Hannifin was examined in supplementary proceedings in behalf of More & Orr, judgment creditors; and on that day was served with a supplemental order on the judgment of this plaintiff. Both Daniel J. and David J. knew of the the service of the plaintiff’s order at the time of its service, and knew of the pending examination on the judgment of *989 More & Orr; to which David J. accompanied Hannifin, where he heard Hannifin testify that he had received payment on the $800 notes, and had lost the money. It is urged that permitting David J. to testify that Hannifin then swore that he had lost his money was error.
The plaintiff tried this action upon the theory that the three persons were engaged in a conspiracy to defraud Hannifin’s creditors, a part of which consisted in the pretended payment of said notes, and in the pretended loss by Hannifin of the money. At the time this evidence was received, the existence of the conspiracy had been prima facie established, after which the declarations of either one of the three, in furtherance of their common purpose, were admissible against all. Steph, Dig. Ev. (Chase’s Ed.), Art. 4. The rulings at folios 203 and 204 were correct.
At folios 110,112 and 113 the plaintiff was allowed to show that on the day of the alleged payment of $800, Hannifin was being examined under the supplemental order of More & Orr, and was served with a supplemental order in behalf of this plaintiff, to the knowledge of David J. and Daniel J. Crimmins. These were clearly relevant facts. They showed a knowledge on the part of Daniel J., that the creditors of Hannifin were pressing him, and were about to secure the farm, or the purchase-price of it.
The defendant Crimmins was called by the plaintiff, and testified that he did not remember of talking with one Kimball of Albany (an attorney who was acting for Hannifin), in the spring or summer of 1886, about the conveyance of the farm, and of saying to him that Hannifin need not worry, for he could return to the farm and stay as long as he lived (fols. 243-249). Subsequently the plaintiff called Kimball, who testified, without objection, that he was a lawyer, resided at Albany, and that in the spring or summer of 1886 Hannifin called to see him about this matter; and then Kimball was permitted to testify, over defendant’s objection, that, at Hannifin’s request, he went from Albany to Camden, and saw and talked with defendant Crimmins about the conveyance. Had the plaintiff been able to prove by the defendant, or by Kimball, that defendant said, in the spring or summer of 1886, “that the old man (Hannifin) need not worry, that he might go there (to the farm), ana stay as long as he lived, he would not interfere with him,” it would have been a relevant fact; and the ruling by which the plaintiff was allowed to attempt to prove the fact by Kimball, was not erroneous.
The fact being relevant, the plaintiff was not concluded by defendant’s testimony given upon plaintiff’s examination. Code Civ. Pro., § 838; Becker v. Koch, 104 N. Y., 394. But if, as the appellant urges, the plaintiff was not seeking to prove this relevant fact, but simply to contradict the defendant in respect to having had an interview with Kimball, and if it had been received for that purpose only, we are *990 unable to see how this perhaps irrelevant testimony could have influenced the decision of an experienced judge accustomed to the consideration of evidence and its probative force; and, under section 1003 of the Code of Civil Procedure, the ruling should be disregarded, even though technically erroneous.
When a plaintiff seeks to recover upon the ground that the defendant has committed an actionable fraud, and is compelled in order to establish his cause of action to wring from the defendant some of the facts, it may be doubted whether the rule that a party may not discredit his own witness is applicable. Becker v, Koch, supra; Steph. Dig. Ev. (Chase’s ed.), 230; Ind. Ev. Act, § 155. When a witness proves to be hostile to the party calling him, it may be shown that he made statements inconsistent with his testimony; and so in the case of a subscribing witness whom the law compels the party to call. 1 Greenl. Ev., § 443; 1 Whar. Ev., § 550.
It seems inconsistent to hold that a plaintiff who calls the defendant to prove facts solely within his own knowledge, vouches for his truthfulness and trustworthiness, when by the very examination he is endeavoring to show that he has committed an actionable fraud. But the view we have taken of the relevancy of the fact attempted to be proved renders it unnecessary to express an opinion on this question.
A reversal of this judgment is asked for on the ground that the decision is contrary to the evidence. We think that any other result would have been contrary to the evi-. dence. Circumstances have been recited in discussing the rulings upon the evidence sufficient to justify the decision of the learned trial judge, but many more might be noted. The defendant knew of the plaintiff’s attempt to collect her debt; and by his own statement knew that Hannifin interposed his defense for delay, and did not intend to contest the matter at the circuit. Just before the circuit, this deed was taken and these unusual notes given in exchange. When these notes were about to be reached, it is said they were surrendered and the money paid, and immediately the money was said to be lost. It is true that the defendant testified that he purchased the farm in good faith, surrendered the notes in good faith and had no knowledge that Hannifin intended to defraud his creditors; and upon this ground we are asked to say that- the decision was contrary to the evidence. It is sufficient in answer tq say that a judge is not bound to believe all that he hears sworn to.
The judgment is affirmed, with costs.
Hardin, P. J., and Martín, J., concur.